IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ADAM DOHERTY AND REANN BOYLES                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 2:19-cv-00001-KS-MTP

SHELTER MUTUAL INSURANCE COMPANY,
GLOBAL INVESTIGATIVE SOLUTIONS, PLLC,
THE RYAN R. ROBISON COMPANY, INC., d/b/a
THE ROBISON GROUP, and JAMES D. BROOKS                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on the Motion to Dismiss Plaintiffs' Claim of Intentional Infliction of Emotional Distress Pursuant to Rule 12(b)(6) Fed. R. Civ. P. [52] filed by Ryan R. Robison & Co., Inc. ("Robison") and James D. Brooks ("Brooks"), and joined by Shelter Mutual Insurance Company ("Shelter") [54]. Plaintiff Adam Doherty responded,[1] [58, 59] and Defendants Robison and Brooks replied [64]. Having reviewed the parties' submissions and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds that the motion is not well taken and will be denied without prejudice to bringing a dispositive motion at the appropriate time.

## I. BACKGROUND

This case arises from a house fire that occurred on September 26, 2017. Plaintiff Doherty owned the home, which was located in Laurel, Mississippi. Doherty notified Shelter, who had issued a homeowners' policy on the home, about the fire. Plaintiff alleges that, throughout the

---

[1] Plaintiff Reann Boyles did not respond to the instant motion, and for reasons unrelated to this particular failure to respond, Ms. Boyles' claims against the Defendants have all been dismissed. *See* [71].

course of the investigation of the fire, Defendants' actions gave rise to numerous causes of action for which he now sues. Regarding such acts/conduct , Plaintiff alleges that on December 17, 2017, Brooks, a/k/a "Michael"[2] took a recorded statement from Plaintiff Doherty and his then girlfriend and former Plaintiff Reann Boyles. [8] at ¶ 6. After he inspected the home, Brooks, a/k/a "Michael" claimed that some of the items listed on the original list of contents for the home were no longer in the home and "Michael" threatened Doherty and Boyles that if items were not deleted from the claim, Boyles "would have her babies [twins] in jail." *Id.*

Defendants claim that this threat is the action which constitutes the intentional infliction of emotional distress claim and because such action occurred more than one year before the filing of the lawsuit, the claim for intentional infliction of emotional distress is barred by the statute of limitations.[3] Plaintiff responds that he has pled ongoing conduct by Defendants and further investigation has revealed other facts that fall within the one year.

## II. DISCUSSION

### A. Legal Standard

Pursuant to the Timing Order on the instant motion [55], the Court will construe this Motion to Dismiss as a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). This Court cannot look

---

[2] Plaintiff alleges that "Michael" was an alias for Defendants Brooks, who was an agent/employee of Defendant Global Investigative Solutions, PLLC ("GIS"), apparently a type of third-party administrator for Shelter. *See* [8] at ¶ 7. GIS has been dismissed per a stipulation of the parties. *See* [11].
[3] Both parties agree that an intentional infliction of emotional distress claim is subject to a one-year statute of limitation. [53] at ¶4; [58] at ¶ 2.

beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson* 197 F.3d 772, 774 (5th Cir.1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir.2009) (per curiam) (unpublished) (alteration in original) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986)). "A statute-of-limitations defense may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), but the defense is subject to the traditional rule that the motion cannot be granted unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Cross v. Lucius*, 713 F.2d 153, 156 (5th Cir. 1983) (quoting *Abdul-Alim Amin v. Universal Life Insurance Co.*, 706 F.2d 638, 640 (5th Cir.1983)).

**B. Analysis**

The Court finds that it does not appear beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. The Court is not certain from the wording of the Amended Complaint when certain actions took place. While Brooks and Robison contend that all of the conduct, or the latest of the conduct, occurred on December 17, 2017, and while Plaintiff does not specifically argue to the contrary, the Amended Complaint reads only that a recorded statement took place on that day. The allegations claim that "threat" occurred after "Michael" *inspected the home*, and from the face of the Amended Complaint, it is not clear on what day that inspection occurred. [8] at ¶ 6.

In addition, Plaintiff alleges that "Michael" led Plaintiffs to believe that he determined the presence of an accelerator in the home and that he informed the state fire marshal that accelerant had been used to start the fire, and that even after Plaintiff demanded that the results of the investigation be shared with law enforcement, Defendants did nothing. It is unclear from the face of the Complaint when that demand was made or when Brooks led Plaintiff to believe that accelerant was used. Plaintiff asserts that all of the Defendants' conduct together gives rise to the claim. Indeed, in Count 9 of the Amended Complaint after mentioning the threat that Ms. Boyles "would have her babies in jail," Plaintiff alleges, "This conduct by Shelter, through Brooks and/or GIS and Robison *in addition to all other facts alleged in this Complaint*, falls into the category for which they are entitled to recover . . . ." [8] at ¶ 25 (emphasis added).

Plaintiff contends in his response that the parties are in the middle of discovery and that there is other evidence of actions after the December 2017 date. [58] at ¶ 1. The Court will not assess the substantive nature of the supposed evidence because this is not a motion for summary judgment, nor will the Court consider the motion as such. The Court finds that the contours this claim in the Amended Complaint are not well defined enough to allow the Court to determine solely from the face of the pleadings that the statute of limitations applies to the intentional infliction of emotional distress claim. The better course is to solidify through discovery precisely what Plaintiff's claim is.

## IV. CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Motion to Dismiss Plaintiffs' Claim of Intentional Infliction of Emotional Distress Pursuant to Rule 12(b)(6) Fed. R. Civ. P. [52] is DENIED without prejudice to raising the statute of limitations defense in an appropriate

dispositive motion if the facts determined through discovery so warrant.

SO ORDERED AND ADJUDGED this 3rd day of October 2019.

        /s/ Keith Starrett_____
        KEITH STARRETT
        UNITED STATES DISTRICT JUDGE