# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ADAM DOHERTY**                                                                                **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 2:19-cv-1-KS-MTP**

**SHELTER MUTUAL INSURANCE COMPANY, ET AL.**          **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Deem the Attorney Client Privilege as Waived by Reann Boyles [129]. Having considered the record and the applicable law, the Court finds that the Motion should be denied.

## BACKGROUND

This case arises from a house fire that occurred on September 26, 2017. Adam Doherty owned the home, and Reann Boyles lived with Doherty at the home. Doherty notified Defendant Shelter Mutual Insurance Company ("Shelter"), the company which issued a homeowners' policy on Doherty's home, about the fire. On January 2, 2019, Adam Doherty and Reann Boyles, through counsel, filed this action, alleging that Shelter failed to pay the claim and that Defendants' actions during the fire investigation gave rise to numerous causes of action. *See* Amended Complaint [8].

On July 2, 2019, Plaintiffs' counsel filed a Motion to Withdraw [60], requesting that they be allowed to withdraw as counsel for Reann Boyles due to an "irresolvable conflict." Counsel intended to continue representing Doherty. Boyles did not object to the Motion [60], and on August 19, 2019, the Court granted the Motion [60] and directed Boyles to obtain new counsel or inform the Court of her intention to proceed without counsel. *See* Order [67]. On October 1, 2019, after Boyles failed to obtain new counsel or inform the Court of her intention to proceed

1

without counsel, the Court dismissed Boyles's claims, leaving Doherty as the sole plaintiff. *See* Order [71].

On March 28, 2020, Defendants filed a Motion for Summary Judgment [119] and a Motion to Dismiss [121]. In support of these Motions, Defendants submitted declarations by Boyles. *See* Declarations [119-30] [121-7] [121-14]. On March 31, 2020, Plaintiff Doherty filed the instant Motion [129]. Plaintiff argues that Boyles's statements are being used as a "sword" against Plaintiff and his counsel and requests that the Court hold that Boyles waived the attorney-client privilege between her, Tracy Klein,[1] and Plaintiff's counsel. On April 6, 2020, Defendant Shelter filed a Response [133], stating that it does not take a position on whether Boyles has waived the attorney-client privilege. Although he did not specify by what means, Plaintiff stated that he delivered a copy of the Motion [129] to Reann Boyles, who did not file a response.

## ANALYSIS

Pursuant to Federal Rule of Evidence 501, state law determines the applicability of a privilege in diversity actions such as the case *sub judice*. Thus, Mississippi law governs this privilege issue. In Mississippi, the attorney-client privilege is defined as the client's right to refuse to disclose and prevent others from "disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client . . . ." Miss. R. Evid. 502(d). "'The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby to promote broader public

---

[1] According to Plaintiff, Tracy Klein represented Plaintiff Doherty during Shelter's investigation of the fire, but withdrew as counsel before this action was filed.

interests in the observance of law and administration of justice.'" *Hewes v. Langston*, 853 So. 2d 1237, 1244 (Miss. 2003) (quoting *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981)). The Mississippi Supreme Court has interpreted the scope of the privilege broadly. The privilege protects "all information regarding the client received by the attorney in his professional capacity and in the course of his representation of the client." *Barnes v. State*, 460 So. 2d 126, 131 (Miss. 1984).

This privilege is broad, but it may be waived. A waiver may occur when a client reveals otherwise privileged communications to a third party. A client may also waive the attorney-client privilege and make information discoverable "'[b]y voluntarily injecting into a litigated case, a material issue which requires ultimate disclosure by the attorney of the information, ordinarily protected by the privilege . . . .'" *Jackson Med. Clinic of Women, P.A. v. Moore*, 836 So. 2d 767, 773 (Miss. 2003) (quoting *American Standard, Inc. v. Nedix Corp.*, 80 F.R.D. 706, 708 (W.D. Mo. 1978)).

> The United States Court of Appeals for the Fifth Circuit explained that
>
> The attorney-client privilege was intended as a shield, not a sword. When confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege. The great weight of authority holds that the attorney-client privilege is waived when a litigant places information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.

*Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989) (internal citations and quotations omitted).

Plaintiff argues that Boyles has used information protected by the attorney-client privilege as a sword against Plaintiff and his counsel and, therefore, has waived the privilege and can no longer use the privilege as a shield. Plaintiff quotes many of the statements found in Boyles's declaration:

3

Adam knows I was never pregnant[] and knew this before the House fire. *See* [121-7] at ¶ 7.

After the House fire, Adam told me that I had to tell everyone that I was pregnant because of the fire investigation. *See* [121-7] at ¶ 9.

The picture attached as Exhibit 5 was taken in Adam's rental house. I have circled items in this picture that were also at the House before it [burned] down. *See* [121-7] at ¶ 12.

The day before the House fire[,] Adam [and] I left the House around 4:00 or 5:00 p.m. and went to Adam's dad's house. At around dark, Adam [and] his sister left and they were gone about an hour and a half. I do not know where they went. *See* [121-7] at ¶ 13.

On the morning of the House fire, Adam [and] I were still at Adam's dad's house in Laurel when we started to receive calls about the House fire. Adam showed no emotion and decided to go on to his doctor appointment instead of turning around. *See* [121-7] at ¶ 14.

The picture attached as Exhibit 6 shows a Joe Montana jersey. The Picture was taken after the House fire—I was there when the picture was taken (after the House fire). *See* [121-7] at ¶ 16.

Plaintiff asserts that these statements can be rebutted by Boyles's prior statements which are subject to the attorney-client privilege.

However, these statements—and the other statements concerning what Doherty knew, the actions Doherty and Boyles took, and the personal property located in the subject house prior to the fire—do not reveal the content of privileged communications. As Plaintiff notes, "'[t]he confidentiality of a client's communication may be compromised either through the publication of evidence of the communication themselves or through the publication of evidence of attorney statements or documents that disclose the client's confidential communications'" *See* [129] at 7 (quoting *Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson Elec. Co.*, 953 F.2d 1004, 1007 (5th Cir. 1992)). The attorney-client privilege is not waived where a witness testifies as to

4

matters which might have been topics of privileged communications. "The attorney-client privilege protects only evidence of client communications; it 'does not protect against discovery of underlying facts from their source merely because those facts have been communicated to an attorney.'" *Id*.

"'Relevance is *not* the standard for determining whether or not evidence should be protected from disclosure as privileged, . . . even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue." *In re Itron, Inc.*, 883 F.3d 553, 561 (5th Cir. 2018) (internal quotation and citation omitted). Boyles has not revealed privileged communications or made them material issues in this case. She did not waive the attorney-client privilege by disclosing information concerning what Doherty knew, the actions she and Doherty took, and the personal property located in the subject house prior to the fire, even if she discussed those topics with her counsel.

One paragraph within Boyles's declarations, [121-7] at ¶ 18, is more directly related to her interactions with counsel. It states as follows: "I previously gave a statement to Adam's lawyer, and Adam's lawyer told me what to say and what emotions to display for the camera. I also believe that Adam's lawyer forged my name on a medical records request, and I told this to my doctor as is reflected in the records attached as Exhibit 2. *See* [121-7] ¶ 18. Plaintiff argues that Boyles has accused Plaintiff's counsel of coercion and forgery. Citing *Doe v. A Corp.*, 709 F.2d 1043 (5th Cir. 1983), Plaintiff argues that an attorney has the right to defend himself against a former client.

The Court, without more, cannot interpret Boyles's statement that "Adam's lawyer told me what to say and what emotions to display for the camera" as an allegation of coercion. This statement does not suggest that Plaintiff's counsel forced or coerced Boyles in any way.

5

Moreover, although *Doe* and other cases hold that an attorney, when necessary to defend his or her own rights, may reveal confidential information, the rights of Plaintiff's counsel are not at issue in this matter. This is not a case or other proceeding where Plaintiff's counsel and Boyles are pitted as adversaries, and the question of what Boyles's attorney advised her is not an issue in this case. Additionally, whether Boyles *believes* that counsel placed her signature on a records request is of no import in this action. No party has sought to suppress Boyles's medical records because Boyles *believes* Plaintiff's counsel may have affixed her signature.[2]

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Deem the Attorney Client Privilege as Waived by Reann Boyles [129] is DENIED.

SO ORDERED this the 14th day of April, 2020.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

---

[2] Based on the record, the Court cannot clearly find that Plaintiff's counsel, through the Motion [129] filed on Plaintiff's behalf, revealed the content of their communications with their former client, but because this issue is of such import, it bears mentioning that, in their zeal to represent their current client, Plaintiff's counsel must not forget the duty owed to their former client. *See* MRPC 1.6; Miss. Code Ann. § 73-3-37; *Brennan's Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 172 (5th Cir. 1979).